### NEIL McCLAIN V. STATE

No. 25620. January 9, 1952.
Rehearing Denied February 13, 1952.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) March 5, 1952.

Hon. F. A. Loudermilk, Judge Presiding.

*William O. Breedlove,* Brownwood, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for unlawfully transporting whisky in a dry area, with punishment assessed at a fine of $500 and 30 days in jail.

Peace officers found two pints of whisky in the automobile appellant was driving at the time.

The judgment in this case shows to have been rendered on May 11, 1951, at which time appellant gave notice of appeal, with 90 days allowed for filing a statement of facts and bills of exception.

The bills of exception appearing in the record were not filed until October 20, 1951, and long after the expiration of the time allowed. Being filed too late, the bills of exception cannot be considered.

The judgment is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

GRAVES, Presiding Judge.

Appellant has filed a motion for rehearing herein complaining of certain errors in the trial of this case in which we have heretofore refused to consider his statement of facts and bills of exception because the same were filed more than ninety days

after the final judgment was entered in this cause and notice of appeal was given.

It appears that this cause was tried on May 11, 1951, before a jury which returned the following verdict:

"We the Jury, find the defendant guilty as charged and assess his punishment at a fine of $500.00 and at confinement in jail for a term of 30 days."

"J. P. Allen, Foreman."

Under such verdict the court found its judgment at such time but the record thereof was not made in the minutes of the trial court. On July 18, 1851, the county attorney of Brown County filed a motion in writing stating that the judgment had never been entered in the minutes of the court in this cause and requested that the verdict of the jury should be carried out through the judgment of the court entered nunc pro tunc, such request containing among other things the following quotation:

"That a copy of said judgment has been entered upon the minutes of this court, but said judgment was not entered upon the minutes of this court during the April Term, and said judgment did not provide that the defendant be placed in the custody of the Sheriff who should commit him forthwith to jail until the fine and costs are paid, and said judgment did not provide for the issuance of a capias for the arrest of the defendant and did not clearly state that the defendant be confined in jail for a term of 30 days.

"A new trial has not been granted in said cause, nor has judgment been arrested, nor has an appeal been taken in said cause; wherefore it is requested that said judgment be now entered in due form upon the minutes of this court as a nunc pro tunc order."

This motion was served upon the appellant on the 18th day of July, 1951, and heard by the court, at which time the court granted the motion of the county attorney and entered the judgment requested by him with the exception of the fact that he failed to provide for the confinement of the appellant for thirty days in the county jail; whereupon the appellant was granted ninety days from and after such date in which to prepare and file his statement of facts and bills of exception. On the 21st of July, 1951, appellant entered into his recognizance before the court in the manner and form as provided by law. He also entered into a bail bond on said date. The statement of facts and

bills of exception were filed more than ninety days after the proceedings under the nunc pro tunc judgment. However, the judgment actually entered by the court failed to provide for the confinement of the appellant in jail for a term of thirty days.

Since we have the power to reform such judgment, the same is therefore reformed to show that in accordance with the verdict of the jury the State of Texas do have and recover of and from the defendant, Neil McClain, the said fine of $500.00, and that he be confined in jail for a term of thirty days as provided in such judgment, and all costs of this prosecution and that execution may issue against the property of the defendant in the amount of such fine and costs, and the defendant is placed in the custody of the sheriff who will commit him to jail for a term of thirty days and until such fine and costs have been paid and discharged.

As this judgment is reformed, the motion for rehearing is overruled.